**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,<br><br> and<br><br>AMERICAN FEDERATION OF TEACHERS,<br><br>          Plaintiffs,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>          Defendants. | Case No. 1:25-cv-02429-MKV<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR A PRELIMINARY INJUNCTION**<br><br>**Oral Argument Requested** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be set by the Court, in Courtroom 18C of the United States Court located at 500 Pearl Street, New York, NY 10007-1312, Plaintiffs the American Association of University Professors ("AAUP") and the American Federation of Teachers ("AFT") (collectively, "Plaintiffs"), will and hereby do move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction order requiring Defendants to restore the status quo *ante* by:

(1) Immediately reinstating and/or restoring all federal funds that were terminated, canceled, suspended, paused, or otherwise withheld pursuant to Defendants' decision, announced on March 7, 2025, to "immediate[ly] cancel[] … approximately $400 million in federal grants and contracts to Columbia" ("March 7 Funding Withdrawal"), and

(2) Immediately rescinding Defendants' decision, communicated to Columbia University by letter dated March 13, 2025 ("March 13 Letter"), that "Columbia University's … financial relationship with the United States government" will not "continue[]," i.e., that Defendants will refuse to grant or to continue federal financial assistance to Columbia University, unless Columbia complies with a series of specified "precondition[s] for formal negotiations."

Plaintiffs furthermore will and hereby do move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction order preliminarily restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them from:

a. Implementing, giving effect to, or reinstating under a different name Defendants' decision, announced on March 7, 2025, to "immediate[ly] cancel[] … approximately $400 million in federal grants and contracts to Columbia" ("March 7 Funding Withdrawal").

2

b.  Terminating, canceling, suspending, pausing, issuing stop-work orders, or
otherwise interfering with any grants or contracts that existed on March 7, 2025,
or were issued or formed thereafter, with Columbia University or with any
Columbia faculty, unless Defendants have first fully complied with all of the
following required steps, consistent with all procedural and substantive
requirements under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701
*et seq.*, all procedural and substantive requirements governing the termination of
federal financial assistance under Title VI of the Civil Rights Act ("Title VI"), 42
U.S.C. §§ 2000d *et seq.*, and all procedural and substantive requirements
governing the termination of federal financial assistance under the applicable Title
VI implementing regulations, including but not limited to 28 C.F.R. §§ 42.106–
111 (DOJ), 45 C.F.R. §§ 80.6–80.11 (HHS), 34 C.F.R. §§ 100.6–100.11 (ED),
and 41 C.F.R. §§ 101–6.211–3, 101–6.212–1 to –4, 101–6.213–1 to –7, 101–
6.214 (GSA):

  i.  determine that the funding recipient is out of compliance with Title
      VI;

  ii.  attempt to achieve the funding recipient's voluntary compliance;

  iii.  determine that voluntary compliance cannot be achieved;

  iv.  provide notice to Columbia and any Columbia faculty who are
      named in the grant or contract of the action proposed to be taken,
      the specific provision under which the proposed action against it is
      to be taken, and the matters of fact or law asserted as the basis for
      the action, and of the opportunity for a hearing;

  v.  unless the funding recipient waives the right to a hearing, conduct
      a hearing at a date not less than 20 days after the date of such
      notice, in conformity with sections 5 to 8 of the APA, at which the
      funding recipient shall be entitled to introduce all relevant

evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing, and at which interested parties may participate as amici curiae;

vi.  provide the funding recipient and other interested parties a reasonable opportunity to file briefs or other written statements;

vii.  make an express finding of noncompliance with Title VI on the record, identifying the particular program or activity or part thereof found to be in noncompliance;

viii.  file with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved a full written report of the circumstances and the grounds for such action;

ix.  wait 30 days after the filing of such committee report; and

x.  limit the effect of any funding termination to the particular program, or part thereof, in which such noncompliance has been so found.

c.  Implementing, giving effect to, or reinstating under a different name Defendants' decision, communicated to Columbia University by letter dated March 13, 2025 ("March 13 Letter"), that "Columbia University's … financial relationship with the United States government" will not "continue[]," i.e., that Defendants will refuse to grant or to continue federal financial assistance to Columbia University, unless Columbia complies with a series of specified "precondition[s] for formal negotiations."

d.  Refusing or threatening to refuse to grant or to continue federal financial assistance to Columbia University or to any Columbia faculty, or conditioning or threatening to condition the grant or continuance of federal financial assistance on fulfillment of any demands, unless Defendants have first fully complied with all

of the following required steps, consistent with all procedural and substantive requirements under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, all procedural and substantive requirements governing the refusal to grant or to continue federal financial assistance under Title VI of the Civil Rights Act ("Title VI"), 42 U.S.C. §§ 2000d *et seq.*, and all procedural and substantive requirements governing the termination of federal financial assistance under the applicable Title VI implementing regulations, including but not limited to 28 C.F.R. §§ 42.106–111 (DOJ), 45 C.F.R. §§ 80.6–80.11 (HHS), 34 C.F.R. §§ 100.6–100.11 (ED), and 41 C.F.R. §§ 101–6.211–3, 101–6.212–1 to –4, 101–6.213–1 to –7, 101–6.214 (GSA):

    i.  determine that the funding recipient is out of compliance with Title VI;

    ii.  attempt to achieve the funding recipient's voluntary compliance;

    iii.  determine that voluntary compliance cannot be achieved;

    iv.  provide notice to Columbia and any Columbia faculty who are named in the grant or contract of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for the action, and of the opportunity for a hearing;

    v.  unless the funding recipient waives the right to a hearing, conduct a hearing at a date not less than 20 days after the date of such notice, in conformity with sections 5 to 8 of the APA, at which the funding recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing, and at which interested parties may participate as amici curiae;

vi.   provide the funding recipient and other interested parties a
reasonable opportunity to file briefs or other written statements;

vii.  make an express finding of noncompliance with Title VI on the
record, identifying the particular program or activity or part thereof
found to be in noncompliance;

viii. file with the committee of the House and the committee of the
Senate having legislative jurisdiction over the program involved a
full written report of the circumstances and the grounds for such
action;

ix.   wait 30 days after the filing of such committee report; and

x.    limit the effect of any funding termination to the particular
program, or part thereof, in which such noncompliance has been so
found.

This Motion is brought pursuant to Federal Rule of Civil Procedure 65 on the grounds
that Plaintiffs are likely to succeed on the merits of their claims that Defendants' March 7
Funding Withdrawal and March 13 Letter violate the procedural and substantive requirements of
the Administrative Procedure Act (Counts III–VI), separation of powers (Counts VII and VIII),
the First Amendment (Counts I and II), the Due Process Clause (Count IX), and the Spending
Clause (Count X); Plaintiffs and their members will continue to suffer severe irreparable harm in
the absence of preliminary injunctive relief; and the balance of equities and public interest weigh
in favor of the requested preliminary injunction.

This Motion is based on this Notice of Motion, the accompanying Memorandum of
Points and Authorities, the Declarations of Jonathan Rosenthal, AAUP President Todd Wolfson,
AFT Director of Higher Education Julie Schmid, AAUP-Columbia Chapter President Reinhold
Martin, Jennifer Hirsch, Susan Witte, Victoria Frye, Witness A, Witness B, Witness C, Witness

D, Witness E, Witness F, Witness G, Witness H, and Witness I,[1] including the exhibits attached thereto, any reply memorandum or other memorandum Plaintiffs may file, all pleadings and filings in this action, and such other filings and arguments as may be presented to the Court.

Dated: April 3, 2025                          Respectfully submitted,

                          By:      S/ Orion Danjuma
                                   Orion Danjuma
                                   Rachel Goodman
                                   Deana K. El-Mallawany*
                                   The Protect Democracy Project, Inc.
                                   82 Nassau Street, #601
                                   New York, NY 10038
                                   Tel: (202) 579-4582
                                   Fax: (202) 769-3176
                                   orion.danjuma@protectdemocracy.org
                                   rachel.goodman@protectdemocracy.org
                                   deana.elmallawany@protectdemocracy.org

                                   Anna Dorman*
                                   Catherine Chen*
                                   Amit Agarwal*
                                   The Protect Democracy Project, Inc.
                                   2020 Pennsylvania Ave. NW, Suite #163
                                   Washington, D.C. 20006
                                   Tel: (202) 579-4582
                                   Fax: (202) 769-3176
                                   anna.dorman@protectdemocracy.org
                                   catherine.chen@protectdemocracy.org
                                   amit.agarwal@protectdemocracy.org

                                   Eve H. Cervantez*
                                   Stacey M. Leyton*
                                   Matthew J. Murray*
                                   Connie K. Chan*
                                   Juhyung Harold Lee*
                                   Jonathan Rosenthal*
                                   ALTSHULER BERZON LLP
                                   177 Post St., Suite 300
                                   San Francisco, CA 94108
                                   Tel: (415) 421-7151

---

[1] Plaintiffs are filing a letter motion to redact one declaration and seal eight declarations of third-party professors and students who reasonably fear they will be subjected to retaliation and harassment if their participation in this case is made public. This Notice of Motion and Motion, and the accompanying Memorandum of Points and Authorities, refer to those declarations as the Declarations of Witnesses A to I, to protect their identities.

Fax (415) 362-8064
ecervantez@altber.com
sleyton@altber.com
mmurray@altber.com
cchan@altber.com
hlee@altber.com
jrosenthal@altber.com

Richard Primus*
The University of Michigan Law School
(institutional affiliation provided for identification
purposes only; not representing the University)
625 S. State Street
Ann Arbor, MI 48109
Tel: (734) 647-5543
Fax: (734) 764-8309
PrimusLaw1859@gmail.com

*Pro hac vice application granted, pending, or
forthcoming

**Counsel for Plaintiffs**