UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,<br><br> and<br><br>AMERICAN FEDERATION OF TEACHERS,<br><br>                    Plaintiffs,<br><br>           v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>                    Defendants. | Case No. 1:25-cv-02429-MKV<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

1

Before the Court is a Motion for a Preliminary Injunction brought by Plaintiffs the American Association of University Professors ("AAUP") and the American Federation of Teachers ("AFT") (collectively, "Plaintiffs") against Defendants United States Department of Justice ("DOJ"); Pamela Bondi, in her official capacity as the U.S. Attorney General; Leo Terrell, in his official capacity as Senior Counsel to the Assistant Attorney General for Civil Rights and head of the DOJ Task Force to Combat Anti-Semitism; United States Department of Education ("ED"); Linda McMahon, in her official capacity as the U.S. Secretary of Education; Thomas E. Wheeler, in his official capacity as Acting General Counsel of the U.S. Department of Education; United States Department of Health and Human Services ("HHS"); Robert F. Kennedy, Jr., in his official capacity as the U.S. Secretary of Health and Human Services; Sean R. Keveney, in his official capacity as the Acting General Counsel of the U.S. Department of Health and Human Services; National Institutes of Health ("NIH"); Matthew J. Memoli, in his official capacity as the Acting Director of the National Institutes of Health; United States General Services Administration ("GSA"); Stephen Ehikian, in his official capacity as Acting Administrator of the U.S. General Services Administration; and Josh Gruenbaum, in his official capacity as Commissioner of the Federal Acquisition Service (collectively, "Defendants").

Having fully considered Plaintiffs' Motion for a Preliminary Injunction, Defendants' Opposition, and all briefs, filings, evidence, argument, and other materials presented in connection therewith, the Court hereby GRANTS Plaintiffs' motion for good cause shown. The Court finds that Plaintiffs have shown they are likely to succeed on the merits of the claims underlying their motion and that they and their members will continue to suffer immediate and irreparable harm from Defendants' challenged conduct absent immediate preliminary injunctive relief. The Court further finds that the balance of equities favors Plaintiffs and that the public interest will be furthered by this Order.

Accordingly, the Court hereby ORDERS as follows:

1.   Defendants and their respective officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them, are hereby preliminarily restrained and enjoined from:

   a. Implementing, giving effect to, or reinstating under a different name Defendants' decision, announced on March 7, 2025, to "immediate[ly] cancel[] … approximately $400 million in federal grants and contracts to Columbia" ("March 7 Funding Withdrawal").

   b. Terminating, canceling, suspending, pausing, issuing stop-work orders, or otherwise interfering with any grants or contracts with Columbia University or with any Columbia faculty that existed on March 7, 2025, or were issued or formed thereafter, unless Defendants have first fully complied with all of the following required steps, consistent with all procedural and substantive requirements under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, all procedural and substantive requirements governing the termination of federal financial assistance under Title VI of the Civil Rights Act ("Title VI"), 42 U.S.C. §§ 2000d *et seq.*, and all procedural and substantive requirements governing the termination of federal financial assistance under the applicable Title VI implementing regulations, including but not limited to 28 C.F.R. §§ 42.106–111 (DOJ), 45 C.F.R. §§ 80.6–80.11 (HHS), 34 C.F.R. §§ 100.6–100.11 (ED), and 41 C.F.R. §§ 101–6.211–3, 101–6.212–1 to –4, 101–6.213–1 to –7, 101–6.214 (GSA):

      i. determine that the funding recipient is out of compliance with Title VI;
      ii. attempt to achieve the funding recipient's voluntary compliance;
      iii. determine that voluntary compliance cannot be achieved;
      iv. provide notice to Columbia and any Columbia faculty who are named in the grant or contract of the action proposed to be taken,

3

       the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for the action, and of the opportunity for a hearing;

    v. unless the funding recipient waives the right to a hearing, conduct a hearing at a date not less than 20 days after the date of such notice, in conformity with sections 5 to 8 of the APA, at which the funding recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing, and at which interested parties may participate as amici curiae;

    vi. provide the funding recipient and other interested parties a reasonable opportunity to file briefs or other written statements;

    vii. make an express finding of noncompliance with Title VI on the record, identifying the particular program or activity or part thereof found to be in noncompliance;

    viii. file with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved a full written report of the circumstances and the grounds for such action;

    ix. wait 30 days after the filing of such committee report; and

    x. limit the effect of any funding termination to the particular program, or part thereof, in which such noncompliance has been so found.

c. Implementing, giving effect to, or reinstating under a different name Defendants' decision, communicated to Columbia University by letter dated March 13, 2025 ("March 13 Letter"), that "Columbia University's … financial relationship with the United States government" will not "continue[]," i.e., that Defendants will

    refuse to grant or to continue federal financial assistance to Columbia University, unless Columbia complies with a series of specified "precondition[s] for formal negotiations."

d. Refusing or threatening to refuse to grant or to continue federal financial assistance to Columbia University or to any Columbia faculty, or conditioning or threatening to condition the grant or continuance of federal financial assistance on fulfillment of any demands, unless Defendants have first fully complied with all of the following required steps, consistent with all procedural and substantive requirements under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, all procedural and substantive requirements governing the refusal to grant or to continue federal financial assistance under Title VI of the Civil Rights Act ("Title VI"), 42 U.S.C. §§ 2000d *et seq.*, and all procedural and substantive requirements governing the termination of federal financial assistance under the applicable Title VI implementing regulations, including but not limited to 28 C.F.R. §§ 42.106–111 (DOJ), 45 C.F.R. §§ 80.6–80.11 (HHS), 34 C.F.R. §§ 100.6–100.11 (ED), and 41 C.F.R. §§ 101–6.211–3, 101–6.212–1 to –4, 101–6.213–1 to –7, 101–6.214 (GSA):

    i. determine that the funding recipient is out of compliance with Title VI;

    ii. attempt to achieve the funding recipient's voluntary compliance;

    iii. determine that voluntary compliance cannot be achieved;

    iv. provide notice to Columbia and any Columbia faculty who are named in the grant or contract of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for the action, and of the opportunity for a hearing;

  v. unless the funding recipient waives the right to a hearing, conduct a hearing at a date not less than 20 days after the date of such notice, in conformity with sections 5 to 8 of the APA, at which the funding recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing, and at which interested parties may participate as amici curiae;

  vi. provide the funding recipient and other interested parties a reasonable opportunity to file briefs or other written statements;

  vii. make an express finding of noncompliance with Title VI on the record, identifying the particular program or activity or part thereof found to be in noncompliance;

  viii. file with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved a full written report of the circumstances and the grounds for such action;

  ix. wait 30 days after the filing of such committee report; and

  x. limit the effect of any funding termination to the particular program, or part thereof, in which such noncompliance has been so found.

2.  Defendants shall, within five (5) days of the date of this Order, restore the status quo *ante* by (1) immediately reinstating and/or restoring all federal funds that were terminated, canceled, suspended, paused, or otherwise withheld pursuant to Defendants' March 7 Funding Withdrawal, and (2) immediately rescinding and publicly announcing the rescinding of the March 13 Letter.

3. Defendants shall, within two (2) days of the date of this Order, provide notice of this Order by personal service to their respective officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them.

4. Defendants shall, within seven (7) days of the date of this Order, file a report with the Court apprising the Court of the status of their compliance with this Order, including documentation of all steps Defendants have taken to comply with this Order.

5. The Court finds that Defendants have not shown a likelihood of harm in the absence of a security bond, and therefore no security bond shall be required.

IT IS SO ORDERED.

Dated: _____

                                                                          Hon. Mary Kay Vyskocil
United States District Judge