

April 3, 2025

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

    Re:   *American Association of University Professors et al. v. U.S. Department of Justice et al.*, Case No. 1:25-cv-02429

Dear Judge Vyskocil:

    As counsel for Plaintiffs in the above-referenced case, we respectfully submit this letter motion seeking leave to redact one declaration and file under seal eight of the declarations in support of Plaintiffs' motion for a preliminary injunction.[1] As explained further below, the declarants (Witnesses A-I) are third-party professors and students who reasonably fear they will be subjected to retaliation and harassment if their participation in this case is made public. Allowing their declarations to be filed under seal or redacted to protect their identities serves the interests of justice and is narrowly tailored to protect compelling privacy interests while respecting the public's right of access to this important case. Sealing is appropriate when a moving party demonstrates a sufficiently "compelling interest" in restricting public access and shows that sealing is necessary "to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citations omitted). That standard is satisfied here.

    *First*, there is a compelling interest in sealing the declarations at issue. These declarations are not submitted by parties to this litigation, but rather by individual professors and students who can speak from firsthand experience about the harms caused by Defendants' actions. Their declarations are relevant to the Court's assessment of both the underlying legal claims and the appropriateness of injunctive relief. But these individuals are not willing to speak about their experiences unless their identities are protected. Preserving judicial access to relevant information, including by allowing witnesses to come forward who will not do so absent confidentiality, weighs in favor of sealing. *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d. Cir 1995).

    As the Second Circuit has repeatedly held, the "privacy interests of innocent third parties"

---

[1] Pursuant to agreement of the parties, Plaintiffs will serve counsel representing Defendants with the unredacted declarations of Witnesses A-I, and counsel have agreed to maintain their confidentiality. If the Court denies this motion to seal, Plaintiffs respectfully request an opportunity to withdraw these declarations prior to their unsealing.



should "weigh heavily" in the court's balancing. *See Id.*; *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990). And in considering the asserted privacy interests, courts consider the "nature and degree of injury" that could result if the information became public. *Amodeo*, 71 F.3d at 1051. Here, the declarants (and their students, colleagues, and family members) face a range of significant retaliatory actions if their participation in this case becomes public. As the President of Columbia's AAUP chapter explains, many members "are afraid to publicly testify about the impacts of [the federal funding] cuts because they fear retaliation from Columbia University and the federal government." Martin Decl. ¶ 10. Among other things, members "have expressed fear that they will be blacklisted from future federal grant funding [or] denied tenure or academic promotion..." *Id.* ¶ 11. AFT's Director of Higher Education has echoed these concerns, stating that members have limited their speech both in and outside the classroom due to fears that the government will impose additional funding cuts or place pressure on Columbia to take adverse action against them. Schmid Decl. ¶¶ 9-10; *see also* Hirsch Decl. ¶¶ 21-22, 24. The declarants' interest in avoiding these retaliatory harms justifies sealing in this case. "[C]ourts have the power to insure that their records are not 'used to gratify private spite,'" *Amodeo*, 71 F.3d at 1051 (citation omitted), and may seal or redact declarations to protect third-party witnesses from "economic reprisals," *Chevron Corp. v. Donziger*, 2013 WL 646399, at *13 (S.D.N.Y. Feb. 21, 2013). *See also Matthews v. New York State Dept. of Corrs. & Cmty. Supervision*, 2023 WL 2664418, at *4 (N.D.N.Y. Mar. 28, 2023) (sealing to protect "nonparty inmate witnesses [who] may be subject to retaliation if their identities are revealed in the papers").

The declarants also face risks to their personal safety, as well as the safety of loved ones. Individuals perceived to be critical of the Trump administration, along with their families, have often been subjected to doxxing[2] and online harassment, including by prominent figures with significant online followings.[3] Among those targeted in recent years have been individuals connected to litigation involving President Trump, including witnesses, jurors, judges, and their families.[4] Similar issues have affected the Columbia community, leading the university to introduce a new policy against doxxing and harassment last month.[5] *See* Hirsch Decl. ¶¶ 5, 19-20

---

[2] To "dox" means "to publicly identify or publish private information about (someone) especially as a form of punishment or revenge." *Dox,* Merriam-Webster Dictionary.

[3] *See, e.g.*, Pranshu Verma, *Elon Musk ridiculed a blind person on X. Then a mob went to work*, Wash. Post, Feb. 17, 2025, https://www.washingtonpost.com/technology/2025/02/17/elon-musk-x-target-critics-federal-employees/.

[4] *See, e.g.,* Donie O'Sullivan & Sean Lyngass, *After Trump's guilty verdict, threats and attempts to dox Trump jurors proliferate online*, CNN, May 31, 2024, https://www.cnn.com/2024/05/31/tech/threats-doxxing-trump-jurors/index.html; Ryan J. Reilly, *Michael Cohen's family doxxed after Trump guilty verdict in porn star hush money case*, NBC News, June 4, 2024, https://www.nbcnews.com/politics/2024-election/michael-cohens-family-doxed-trump-guilty-verdict-porn-star-hush-money-rcna155268.

[5] Spencer Davis, *Columbia adopts anti-doxxing and online harassment policy*, Columbia Spectator, Mar. 24, 2025, https://www.columbiaspectator.com/news/2025/03/25/columbia-adopts-anti-doxxing-and-online-harassment-policy/.



(tenured Jewish professor explaining basis for fearing doxxing and online harassment). The declarants reasonably fear that submitting public declarations would substantially increase the likelihood that they would be targeted in this way. *See, e.g., id.* ¶ 21. The Court should seal information that could reveal the identity of individuals who fear for their safety. *See Citgo Petroleum Corp. v. Starstone Ins. SE*, 2023 WL 7497858, at *2 (S.D.N.Y. Nov. 9, 2023) ("concerns here of protecting the third-party witness outweigh the presumption of public access").

*Second*, sealing (or, in one case, redacting) these declarations is necessary to prevent the type of retaliation and harassment these individuals fear. To provide the Court with sufficient detail to understand the injuries Defendants' actions have caused, the declarations contain considerable information about witnesses' academic positions and the nature of their work and activities on Columbia's campus. That makes these individuals easily identifiable by Columbia, federal government officials, and members of the public, putting them directly at risk of retaliation and harassment. By contrast, sealing the declarations will prevent Columbia and the public from identifying the declarants. And counsel for the government has agreed that any sealed materials will be kept confidential to attorneys working on this matter. Accordingly, sealing the declarations will protect these individuals against blacklisting by federal grantmaking agencies, retaliation by other federal officials, action by Columbia intended to appease those federal actors, and harassment by members of the public.

Plaintiffs have narrowly tailored their request for sealing and filed as much information as possible on the public docket. For example, the Martin declaration includes anonymized information about the harms experienced by six AAUP members. Martin Decl. ¶¶ 12-65. In addition, in contrast to the declarations of Columbia professors and students, it is possible to redact, rather than seal, the declaration of one professor (Witness D), because he does not work at Columbia and therefore he cannot as easily be identified through a description of his department, work, and government grants. For the other declarants, however, redaction is not a "viable remedy" because so much information would need to be redacted to conceal the declarants' identity that the declarations would be rendered "unintelligible." *Amodeo*, 71 F.3d at 1052-53.

Finally, three professors have been willing to speak publicly about the harms caused by Defendants' actions despite their fears of retaliation, allowing the public to understand the evidentiary basis for Plaintiffs' requested preliminary injunction. Plaintiffs have accordingly filed those three declarations on the public docket without redactions. The willingness of those professors to speak out does not undermine the justification for sealing the other declarations. As each professor explains, they are participating publicly precisely because they have more vulnerable colleagues who face greater risks from speaking out. *See* Hirsch Decl. ¶ 26 (explaining that she "feel[s] a particular responsibility as a tenured faculty member in a position of relative security to speak out"); Witte Decl. ¶ 37; Frye Decl. ¶¶ 17-18.

For the foregoing reasons, Plaintiffs' motion to seal the declarations of Witnesses A-C and Witnesses E-I and redact the declaration of Witness D should be granted.



Respectfully submitted,

s/ Orion Danjuma
Orion Danjuma
Rachel Goodman
Deana K. El-Mallawany*
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
Fax: (202) 769-3176
orion.danjuma@protectdemocracy.org
rachel.goodman@protectdemocracy.org
deana.elmallawany@protectdemocracy.org

Anna Dorman*
Catherine Chen*
Amit Agarwal*
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite #163
Washington, D.C. 20006
Tel: (202) 579-4582
Fax: (202) 769-3176
anna.dorman@protectdemocracy.org
catherine.chen@protectdemocracy.org
amit.agarwal@protectdemocracy.org

Eve H. Cervantez*
Stacey M. Leyton*
Matthew J. Murray*
Connie K. Chan*
Juhyung Harold Lee*
Jonathan Rosenthal*
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax (415) 362-8064
ecervantez@altber.com
sleyton@altber.com



mmurray@altber.com
cchan@altber.com
hlee@altber.com
jrosenthal@altber.com

Richard Primus*
The University of Michigan Law School
(institutional affiliation provided for identification purposes only; not representing the University)
625 S. State Street
Ann Arbor, MI 48109
Tel: (734) 647-5543
Fax: (734) 764-8309
PrimusLaw1859@gmail.com

**Pro hac vice* application granted, pending, or forthcoming

*Counsel for Plaintiffs*