


April 3, 2025

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re: *American Association of University Professors et al. v. U.S. Department of Justice et al.*, Case No. 1:25-cv-02429

Dear Judge Vyskocil:

As counsel for Plaintiffs in the above-referenced case, we respectfully submit this letter motion seeking to unseal a declaration and exhibit to Plaintiffs' Motion for Preliminary Injunction that we have filed provisionally under seal and not served upon Defendants, but which we believe should be unsealed and available in the public record. Specifically, Exhibit A to the Declaration of Veena Dubal consists of an email and attachment sent by Columbia's Office of the General Counsel ("OGC") to Columbia faculty and staff whose grants were terminated, purporting to be "Confidential; Pursuant to Attorney Client Privilege." Plaintiffs obtained the documents because they were sent to multiple members of Plaintiff American Association of University Professors (AAUP), who in turn forwarded them to Veena Dubal, General Counsel of AAUP. Dubal Decl. ¶4.

As discussed below, Plaintiffs do not believe Exhibit A to be a confidential attorney-client privileged communication. Nonetheless, in an abundance of caution, Plaintiffs filed the Dubal Declaration and Exhibit A provisionally under seal, and have not served them on Defendants. Plaintiffs have served Columbia's General Counsel with this letter motion and the Dubal Declaration and Exhibit A, to allow Columbia University the opportunity to intervene and seek to maintain the seal, if it deems such action is warranted.

Exhibit A is not a privileged attorney-client communication, despite the fact that it is labeled as such. "The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *U.S. v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). "In order to balance this protection of confidentiality with the competing value of public disclosure, however, courts 'apply the privilege only where necessary to achieve its purpose' and 'construe the privilege narrowly because it renders relevant information undiscoverable.'" *Id.* (cleaned up, citation omitted). The party asserting privilege bears the burden of proving these elements. *Id.*

Unsolicited communications from Columbia's OGC to individual Columbia faculty



members are not attorney-client privileged communications, because individual Columbia faculty members are not OGC's clients. OGC represents Columbia University, not individual faculty or staff. This is made clear on OGC's website, which specifically states: "Who does the Office of the General Counsel represent? The Office of the General Counsel provides legal advice and representation to Columbia University. Columbia and all of its schools and departments are one legal entity. In that capacity, OGC attorneys advise the Trustees, Officers, Faculty, and Staff, all in their official capacities, on various issues impacting the University. To the extent different areas of the University have different viewpoints on any issue, the President, or if the situation requires, the University's Trustees have final authority."[1] Here, it appears that OGC sent an unsolicited email to multiple faculty who were principal investigators on terminated grants, even though those faculty had not sought legal advice from OGC and even though those faculty members did not understand themselves to be clients of OGC. Dubal Decl. ¶¶4, 6-7. Because the communications in question were not between an attorney and a client, no attorney-client privilege applies.

Columbia may claim that the communication from OGC to faculty was intended to reach faculty in their official positions as employees of Columbia, so as to provide legal advice to Columbia. *Cf. Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981) ("The communications at issue were made by Upjohn employees to counsel for Upjohn acting as such, at the direction of corporate superiors in order to secure legal advice from counsel.") But Exhibit A does not tell faculty members that OGC is seeking information on behalf of Columbia to provide legal advice to Columbia, nor does it provide any other information about why the email and attachment are privileged attorney-client communications. If OGC were communicating with faculty as constituent members of Columbia, in order to provide legal advice to Columbia, it should have informed faculty of this fact. *See* New York Rules of Professional Conduct, Rule 1.13 (Organization as Client).

Accordingly, Exhibit A to the Dubal Declaration is not an attorney client communication, and Exhibit A and the Dubal Declaration should be unsealed and placed on the public docket.

Respectfully submitted,

s/ Orion Danjuma
Orion Danjuma
Rachel Goodman
Deana K. El-Mallawany*
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
Fax: (202) 769-3176

---

[1] Office of the General Counsel, Columbia University, *Frequently Asked Questions,* https://ogc.columbia.edu/content/frequently-asked-questions




orion.danjuma@protectdemocracy.org
rachel.goodman@protectdemocracy.org
deana.elmallawany@protectdemocracy.org

Anna Dorman*
Catherine Chen*
Amit Agarwal*
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite #163
Washington, D.C. 20006
Tel: (202) 579-4582
Fax: (202) 769-3176
anna.dorman@protectdemocracy.org
catherine.chen@protectdemocracy.org
amit.agarwal@protectdemocracy.org

Eve H. Cervantez*
Stacey M. Leyton*
Matthew J. Murray*
Connie K. Chan*
Juhyung Harold Lee*
Jonathan Rosenthal*
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax (415) 362-8064
ecervantez@altber.com
sleyton@altber.com
mmurray@altber.com
cchan@altber.com
hlee@altber.com
jrosenthal@altber.com

Richard Primus*
The University of Michigan Law School
(institutional affiliation provided for identification purposes only; not representing the University)
625 S. State Street
Ann Arbor, MI 48109
Tel: (734) 647-5543
Fax: (734) 764-8309
PrimusLaw1859@gmail.com




*Pro hac vice application granted, pending, or forthcoming

*Counsel for Plaintiffs*