Akin Gump Strauss Hauer & Feld LLP
One Bryant Park, 44th Floor
New York, New York, 10036

T +1 212.872.1000
F +1 212.872.1002
akingump.com



**VIA ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

April 8, 2025

Re:   Letter Motion to File Sealed Letter Opposition and Accompanying Declaration
*American Association of University Professors et al. v. Department of Justice et al.*, Case No. 1:25-cv-02429

Dear Judge Vyskocil:

As counsel for The Trustees of Columbia University in the City of New York ("Columbia" or the "University"), we notice our appearance in this case for the limited purpose of opposing Plaintiffs' April 3, 2025 Letter Motion to Unseal a Declaration and Exhibit to Plaintiffs' Motion for a Preliminary Injunction (ECF No. 44 ("Letter Motion")). Pursuant to Rules 4(B) and 9(B) of Your Honor's Individual Rules of Practice in Civil Cases, Columbia respectfully requests approval to file under seal its Letter Opposition to Plaintiffs' Letter Motion ("Letter Opposition"), along with an accompanying declaration ("Declaration").

Although there is a long-established presumption in favor of public access to judicial documents, *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1048 (2d Cir. 1995), "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). To determine whether sealing is warranted, courts engage in a three-step analysis. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The Court must: (i) determine whether the documents in question are "judicial documents"; (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Lugosch*, 435 F.3d at 119–20.

Here, the third prong of the inquiry is dispositive. As the Second Circuit has recognized, the existence of attorney-client privilege "suffices to defeat the presumption of access." *Lugosch*, 435 F.3d at 125. The Letter Motion to which the Letter Opposition and Declaration respond looks to unseal a document clearly labeled "Confidential; Pursuant to Attorney-Client Privilege" and a declaration discussing that document. In order to respond effectively to Plaintiffs' contention that



April 8, 2025
Page 2

attorney-client privilege does not apply, the Letter Opposition and Declaration discuss the content and context of the materials Plaintiffs seek to unseal. Public disclosure of the Letter Opposition and Declaration would thus reveal the same privileged information Columbia endeavors to protect with this filing.

The first two prongs of the inquiry favor sealing as well. With respect to the first prong, the Letter Opposition and Declaration are not "judicial documents." The Second Circuit has made clear that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 145 (2d Cir. 1995). Rather, to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.*; *Mirlis*, 952 F.3d at 59. The only question to which the Letter Opposition and Declaration are relevant is whether the documents Plaintiffs ask to unseal are privileged—an issue wholly divorced from adjudication of Plaintiffs' Motion for a Preliminary Injunction. Accordingly, the Letter Opposition and Declaration are not "relevant to the performance of the judicial function . . . ." *Amodeo I*, 44 F.3d at 145; *Mirlis*, 952 F.3d at 59.

The second prong of the test—the weight owed to the presumption of access—tilts the same way for the same reason. As the Second Circuit has explained, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo II*, 71 F.3d at 1049. As just explained, the Letter Opposition and Declaration play no meaningful "role" in the "exercise of [this Court's] Article III judicial power" with respect to Plaintiffs' request for preliminary injunctive relief. *Id.* Neither document is relevant to this Court's "determin[ation of] litigants' substantive rights" or to "public monitoring" of the adjudication of those rights. *Id.* Accordingly, the Letter Opposition and Declaration fall at the latter end of the "continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* The presumption of access, therefore, warrants little weight here.

Given that the first and second prongs of the inquiry favor sealing, the Letter Opposition and Declaration should remain sealed even if this Court agrees with Plaintiffs that attorney-client privilege does not cover the documents at issue. Although the privileged nature of those documents is dispositive to the question whether the Letter Opposition and Declaration should remain sealed, *see Lugosch*, 435 F.3d at 125, the logic does not work in reverse: A finding that the documents are not privileged and may be placed on the public docket does not render the Letter Opposition and Declaration any more central to the issues at the heart of this case and thus does not suggest that either document should be publicly disclosed.



April 8, 2025
Page 3

    For all the foregoing reasons, Columbia requests that this Court grant the Motion to Seal the Letter Opposition and Declaration. Given that both describe privileged material, Columbia has not served the Letter Opposition and Declaration on either party and requests that the Court consider the matter *in camera*.

    Respectfully submitted,

    */s/ Joseph L. Sorkin*
    Joseph L. Sorkin
    AKIN GUMP STRAUSS HAUER & FELD LLP
    One Bryant Park, 44th Floor
    New York, N.Y. 10036
    jsorkin@akingump.com
    Tel.: 212-872-1000
    Fax:  212-872-1002

    *Counsel for The Trustees of Columbia University in the City of New York*