

April 10, 2025

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re:    *American Association of University Professors et al. v. U.S. Department of Justice et al.*, Case No. 1:25-cv-02429

Dear Judge Vyskocil:

      As counsel for Plaintiffs in the above-referenced case, we respectfully submit this Reply Letter Brief in support of Plaintiffs' April 3, 2025 Letter Motion to Unseal a Declaration and Exhibit (ECF No. 44) ("Motion") in response to the April 8, 2025 Opposition Letter Brief filed by counsel for the Trustees of Columbia University in the City of New York (ECF No. 59) ("Opposition"), which was served (in redacted form) on Plaintiffs on April 9.

      As described in Plaintiffs' Motion and below, Columbia has not met its burden of proving that the allegedly privileged documents--Exhibit A to the Declaration of Veena Dubal--are in fact privileged. The party asserting the attorney-client privilege bears the burden of proving all three elements of the privilege: that the allegedly privileged communications were "(1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *U.S. v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). Nor has Columbia met its burden of proving that whatever privilege might have attached to the documents was not waived through disclosure. The party asserting privilege also bears the burden of proving that the privilege was not waived. *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 83 (W.D. N.Y. 2011).

      Here, Exhibit A was not "kept confidential," an essential element of the privilege inquiry. Columbia's Office of General Counsel ("OGC") emailed Exhibit A, unsolicited, to numerous Columbia faculty and staff whose grants had been terminated. The document is addressed ███████████████████████████████████████████ indicating that it was circulated widely to a large number of faculty. "Multiple" recipients of Exhibit A independently forwarded it to Veena Dubal, General Counsel of Plaintiff American Association of University Professors ("AAUP"). Dubal Decl. ¶4.

      That multiple recipients of Exhibit A did not maintain its confidentiality, but instead forwarded it to Ms. Dubal (and likely to many other people) is unsurprising, because nowhere in the text of Exhibit A does the email explain to recipients that they must keep it confidential, that



they should not forward it to others, and why they must maintain confidentiality. Accordingly, there is no evidence that Columbia "intended" to keep Exhibit A confidential, another essential element of the privilege inquiry. Columbia criticizes "███████████████████████ ████" (Opposition at 3), but that critique is not well taken because Columbia failed to take reasonable steps to preserve its confidentiality, such as informing recipients that they should keep it confidential, and why. Although Exhibit A ███████████████████████████████ █████████████████████████, it says nothing about maintaining the confidentiality of Exhibit A itself. Exhibit A also fails to inform recipients that Exhibit A is a means by which Columbia is seeking information in order to obtain legal advice, and that the recipient, as an employee of Columbia, must keep Exhibit A confidential in order to maintain the confidentiality of *Columbia's* attorney-client privileged materials. Exhibit A also fails to inform recipients that in the phrase "Attorney-Client Communication," the "client" is Columbia, not the recipient of the communication. Merely labeling a document "attorney-client privileged" does not make it so. *Nat'l Day Laborer Org. Network v. United States Immigr. & Customs Enf't*, 486 F. Supp. 3d 669, 692-94 (S.D.N.Y. 2020). Particularly because Exhibit A ███████████████████████ ████████████████████████████████████████, and has a section entitled "█████████ █████████████████████████████," a reasonable recipient could well believe that Exhibit A was sent to them as the prospective client. Clients can always choose to waive the attorney-client privilege by revealing their privileged communications to outsiders. *See In re Horowitz*, 482 F.2d 72, 81 (2nd Cir. 1973) ("[S]ubsequent disclosure to a third party by the party of a communication with his attorney eliminates whatever privilege the communication may have originally possessed, whether because disclosure is viewed as an indication that confidentiality is no longer intended or as a waiver of the privilege.") Here, a reasonable recipient of Exhibit A would have no way of knowing that they were not the "client" to whom an "attorney-client communication" was being sent, or that they were prohibited from forwarding or otherwise sharing Exhibit A because of some unstated obligation to preserve Columbia's attorney-client privilege.[1] Further, a reasonable recipient would likely believe that any continued attorney-client relationship would turn on the conditional clause ███████████████████████████████████.

Columbia's conduct in widely disseminating Exhibit A "without indicating it should not be further disseminated or taking any steps to prevent its further disclosure" shows that it did not intend to maintain confidentiality, and waived whatever right it may have had to claim that Exhibit A is a protected attorney-client communication. *See Young v. CSX Transp., Inc.*, 12-CV-01150, 2013 WL 12409907, at *2 (N.D.N.Y. Oct. 24, 2013). This stands in sharp contrast to the behavior of other corporations asserting attorney-client privilege for communications with lower-level employees. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.,* 80 F. Supp. 3d 521, 527-28 (S.D.N.Y. 2015) ("Here, as in *Upjohn,* the employees interviewed were aware (and, in fact,

---

[1] As Plaintiffs noted in their Motion, the PIs to whom Exhibit A were sent are not the clients of OCG. ███████████████████████████. The point here is that a reasonable PI receiving Exhibit A would not necessarily understand that they were not the "client" for privilege purposes, or that they had any obligation to keep Exhibit A confidential on behalf of Columbia, because Columbia failed to instruct them to do so.



explicitly told) that the purpose of the interviews was to collect information to assist in providing legal advice to the company, and that the matters discussed were therefore confidential."); *id.* at 527 (noting that in *Upjohn* itself, "the interviewed employees were 'sufficiently aware' of the legal purpose of the interviews and the confidentiality attached to their communications") (*citing Upjohn Co. v. U.S.*, 449 U.S. 383, 394-95 (1981)).

      Accordingly, the Court should rule that Exhibit A is not a privileged attorney-client communication or that Columbia waived privilege because Columbia has not met its burden of proving that Exhibit A has been kept confidential, and that Columbia intended to preserve confidentiality and took reasonable care to do so. The Court should unseal Exhibit A and the Dubal Declaration.

▮▮▮▮▮▮ The relevance of the document is not based on the identity of the sender but on the indication that the ▮▮▮▮▮▮

Respectfully submitted,

s/ Eve H. Cervantez

Orion Danjuma
Rachel Goodman
Deana K. El-Mallawany*
The Protect Democracy Project, Inc.
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
Fax: (202) 769-3176
orion.danjuma@protectdemocracy.org
rachel.goodman@protectdemocracy.org
deana.elmallawany@protectdemocracy.org

Anna Dorman*
Catherine Chen*
Amit Agarwal*
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite #163
Washington, D.C. 20006
Tel: (202) 579-4582
Fax: (202) 769-3176



anna.dorman@protectdemocracy.org
catherine.chen@protectdemocracy.org
amit.agarwal@protectdemocracy.org

Eve H. Cervantez*
Stacey M. Leyton*
Matthew J. Murray*
Connie K. Chan*
Juhyung Harold Lee*
Jonathan Rosenthal*
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax (415) 362-8064
ecervantez@altber.com
sleyton@altber.com
mmurray@altber.com
cchan@altber.com
hlee@altber.com
jrosenthal@altber.com

Richard Primus*
The University of Michigan Law School
(institutional affiliation provided for identification purposes only; not representing the University)
625 S. State Street
Ann Arbor, MI 48109
Tel: (734) 647-5543
Fax: (734) 764-8309
PrimusLaw1859@gmail.com

**Pro hac vice* application granted, pending, or forthcoming

*Counsel for Plaintiffs*