UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS and AMERICAN FEDERATION OF TEACHERS,

                Plaintiffs,

-against-

UNITED STATES DEPARTMENT OF JUSTICE, PAMELA BONDI, LEO TERRELL, UNITED STATES DEPARTMENT OF EDUCATION, LINDA MCMAHON, THOMAS E. WHEELER, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ROBERT F. KENNEDY, JR., SEAN R. KEVENEY, NATIONAL INSTITUTES OF HEALTH, MATTHEW J. MEMOLI, UNITED STATES GENERAL SERVICES ADMINISTRATION, STEPHEN EHIKIAN, and JOSH GRUENBAUM,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/20/2025

25-cv-2429 (MKV)

ORDER DENYING REQUESTS TO SEAL

---

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiffs the American Association of University Professors ("AAUP") and the American Federation of Teachers ("AFT") bring this action seeking an injunction requiring Defendants to pay out to non-party Columbia University approximately $400 million in previously-allocated taxpayer funded grants [ECF Nos. 1, 25], among other relief. In connection with their motion for a preliminary injunction, Plaintiff have filed several sets of exhibits provisionally under seal [ECF Nos. 34–43; ECF Nos. 45, 45-1; ECF Nos. 107–112]. For the reasons set forth below, the requests to maintain those exhibits under seal [ECF Nos. 33, 44, 58, 61, 106] are DENIED.

1

1. <u>Columbia's Request To Seal the Dubal Declaration and Exhibit A</u>

Plaintiffs filed *ex parte* and provisionally under seal the Declaration of Veena Dubal, who serves as General Counsel for AAUP, and an exhibit entitled Exhibit A [ECF Nos. 45 ("Dubal Decl."), 45-1 ("Exhibit A")]. Exhibit A is an email and attached form which Columbia's Office of the General Counsel sent, unsolicited, to members of the Columbia faculty and staff concerning the termination of federal grants. *See* Dubal Decl. ¶ 6; Exhibit A. Both the email and attached form state that the documents are confidential, subject to attorney-client privilege, and should not be shared with anyone outside of Columbia's Office of the General Counsel. *See* Exhibit A at 1–3. However, according to Dubal, "multiple" recipients of the email and attachment were members of AAUP who forwarded the documents to Dubal. Dubal Decl. ¶ 4.

Although Plaintiffs filed the Dubal Declaration and Exhibit A *ex parte* and provisionally under seal, Plaintiffs simultaneously filed a letter requesting leave to unseal those documents and file them on the public docket [ECF No. 44]. Plaintiffs argue that Exhibit A is not a privileged attorney-client communication, since the recipients of the email and attachment who forwarded the documents to Dubal "had not sought legal counsel from the Columbia Office of the General Counsel" and "did not understand themselves to have any sort of attorney-client relationship with that office." Dubal Decl. ¶ 6; *see id.* ¶ 4.

Counsel for The Trustees of Columbia University in the City of New York ("Columbia") appeared in this action for the limited purpose of urging the Court to maintain Exhibit A, and all submissions concerning Exhibit A, under seal [ECF Nos. 58, 59]. Columbia argues that Exhibit A is protected by the attorney-client privilege and should be sealed or redacted even if the privilege does not apply. Plaintiffs thereafter filed letters in further support of their request to unseal the Dubal Declaration and Exhibit A [ECF Nos. 61, 62, 63].

2

As the Second Circuit has long affirmed, the strong presumption of public access to judicial documents is fundamental to our system of justice. *See Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*"); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). Pertinent here, attorney-client privilege "suffices to defeat the presumption of access." *Lugosch*, 435 F.3d at 125. "The party asserting the privilege . . . bears the burden of establishing its essential elements." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). Columbia cannot meet that burden with respect to the widely-shared email and attachment in Exhibit A.

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *Mejia*, 655 F.3d at 132. As Columbia concedes, there is no attorney-client relationship between Columbia's Office of the General Counsel and the faculty and staff to whom that office sent Exhibit A [ECF No. 59 at 1]. Moreover, Exhibit A clearly was not kept confidential, since multiple recipients sent it to Dubal. *See* Dubal Decl. ¶ 4.

Citing *Upjohn Co. v. United States*, 449 U.S. 383, 394–97 (1981), Columbia argues that it may nevertheless assert privilege on the ground that Columbia's Office of the General Counsel was communicating with faculty in their capacity as "lower-level employees" of its client, Columbia, in order to collect information necessary to provide legal advice to Columbia [ECF No. 59 at 1]. However, *Upjohn* holds that an employee in such a circumstance must be "sufficiently" warned that the purpose of the communication is to provide legal advice to the corporate client, rather than to protect or advise the employee. *Upjohn*, 449 U.S. 394. Exhibit A does not contain such sufficient warning.

Rather, Exhibit A is largely framed as an offer to assist the faculty and staff to whom it was sent. The subject line of the email is "Time-Sensitive: Potential Appeal of Termination of *Your* Award(s)." Exhibit A at 1 (emphasis added). Similarly, the opening paragraph of the email states: "Many of you have asked how you can help with a potential appeal of the termination of your award(s)." *Id.* Exhibit A also suggests that Columbia's Office of the General Counsel is deferring to the faculty on whether they "wish to pursue an appeal." *Id.* As Columbia points out, the email does mention that Columbia is assessing "strategies . . . to restore the University's federal research portfolio" and may need "help" from the faculty to prepare timely appeals. *Id.* However, there is no clear *Upjohn* warning that the purpose of the communication is advise Columbia, in contrast with the faculty. As such, Columbia has not carried its burden to establish the privilege it seeks to assert. *See Mejia*, 655 F.3d at 132.

Columbia argues that, even if the privilege does not apply, the Dubal Declaration and Exhibit A should be sealed on the ground that they are not judicial documents [ECF No. 58 at 2]. Columbia is incorrect. The Dubal Declaration and Exhibit A are "relevant to the performance of the judicial function" in this lawsuit, in which there is significant public interest. *Mirlis*, 952 F.3d at 59 (quoting *Amodeo I*, 44 F.3d at 145). As such, the documents are subject to "a potent and fundamental presumptive right of public access" that "is not easily overcome." *Id.* at 58, 67. Columbia has not identified countervailing interests to overcome the right of public access.

2. Plaintiffs' Request To Seal Various Declarations

While vigorously opposing the sealing of the Dubal Declaration and Exhibit A, Plaintiffs seek to leave file entirely under seal fourteen declarations and redact another declaration in support of their motion for a preliminary injunction [ECF Nos. 33, 106]. The declarants are "professors and students" who, Plaintiffs contend, "fear they will be subjected to retaliation and harassment if

4

their participation in this case is made public" [ECF No. 33 at 1; *accord* ECF No. 106 at 1]. Plaintiffs broadly assert that "[i]ndividuals perceived to be critical of the Trump administration" are "often" harassed, citing three news articles that have nothing to do with this case [ECF No. 33 at 3 & n.3–4; *accord ECF* No. 106 at 2 & n.3–4].

As explained above, and as Plaintiffs recognize when seeking to unseal documents, the public has a presumptive right to inspect documents that form the basis of judicial decisions. *See Mirlis*, 952 F.3d at 58; *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). As such, the Second Circuit has instructed district courts to "skeptically review sealing requests" to determine whether "there really is an extraordinary circumstance or compelling need" for sealing. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). To be sure, countervailing interests such as the privacy of innocent third parties may overcome the presumption of public access. *See Mirlis*, 952 F.3d at 61; *Amodeo II*, 71 F.3d at 1050. However, mere speculation that members of the public may behave badly is not sufficient, irrespective of the imputed political leanings of the speculative antagonists. The declarants in question are under no obligation to "participat[e] in this case" if they do not wish to provide information on the public record. Indeed, much of the information Plaintiffs seek to submit under seal appears cumulative. *See United States v. Donato*, 714 F. App'x 75, 76 (2d Cir. 2018); Fed. R. Evid. 403.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that the Dubal Declaration, Exhibit A, and the letters concerning the sealing of those documents shall be filed on the public docket by the close of business on May 23, 2025.

IT IS FURTHER ORDERED that, by the close of business on May 23, 2025, Plaintiffs shall either withdraw the declarations at ECF Nos. 34–43 and 107–112, or file those declarations on the public docket.

The Clerk of Court respectfully is requested to terminate the motions pending at docket entries 33, 44, 58, 61, and 106.

**SO ORDERED.**

Date:   May 20, 2025  
        New York, NY

                                                **MARY KAY VYSKOCIL**  
                                                **United States District Judge**